UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRIS BELLAMY, KOREY BELLAMY, SEAN BENNETT, ANDREW MCSHEA AND GWEN SEALS,

Plaintiffs,

-against-

NEW AGE INNOVATIONS LLC D/B/A ALLIANCE VENTURES, LLC AND B-IN-TUNE, LLC,

Defendants.

Index No. 13-cv-3203 (LGS)

**ECF CASE**

**COMPLAINT**

---

Plaintiffs Chris Bellamy, Korey Bellamy, Sean Bennett, Andrew McShea and Gwen Seals (collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this complaint against Defendants New Age Innovations LLC d/b/a Alliance Ventures, LLC and B-in-Tune, LLC (collectively, "Defendants"), and in support thereof allege the following:

## BACKGROUND

1.     This action arises from Defendants' scheme to induce Plaintiffs—who are not sophisticated professional lenders—to make a $140,000.00 bridge loan to cover legal expenses in connection with the formation of a purported $500,000,000.00 media acquisition fund.  Plaintiffs relied upon Defendants' misrepresentation of present fact that they needed the money for just one month, because the formation of the fund was already a "done deal."  In fact, Defendants' purported fund never closed, if it existed at all, and Defendants brazenly defaulted on their payment obligations to Plaintiffs.

## PARTIES

2.     Plaintiff Chris Bellamy is a resident of the State of Connecticut, with an

address at 50 Howard Street, New Britain, CT  06051.

3.    Plaintiff Korey Bellamy is a resident of the State of Connecticut, with an address at 50 Howard St. New Britain, CT 06051.

4.    Plaintiff Sean Bennett is a resident of the State of Connecticut, with an address at 5 Maple St., Bristol, CT 06010.

5.    Plaintiff Andrew McShea is a resident of the State of Washington, with an address at 11900 NE 18th Street, Apt. 331, Vancouver, WA, 98684.

6.    Plaintiff Gwen Seals is a resident of the State of Connecticut, with an address at 50 Howard St. New Britain, CT 06051.

7.    Defendant New Age Innovations LLC d/b/a Alliance Ventures LLC is a limited liability company organized under the laws of the State of California, with its principal place of business at 23430 Hawthorn Blvd., Suite 290, Torrance, CA  90505.

8.    Upon information and belief, Defendant B-in-Tune, LLC is a limited liability company organized under the laws of the State of California, with its principle place of business at 23430 Hawthorn Blvd., Suite 290, Torrance, CA  90505.

**JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (2013).

10.   This Court has personal jurisdiction over the Defendants because they transact business, and entered into the instant agreement, in the Southern District of New York.  In addition, Defendants consented by contract to personal jurisdiction in the State of New York.

11.   Venue is appropriate in the Southern District of New York under 28 U.S.C.

§ 1391(b) (2013) because a substantial part of the events at issue took place in the Southern District of New York.  In addition, Defendants consented by contract to venue in the city of New York.

## FACTUAL ALLEGATIONS

12.     Defendants are vehicles owned or controlled by Eugene Maillard, the creator and producer of the lucrative B-in-Tune TV children's television series, which has run on various television networks in the United States and internationally since 2005.

13.     In or about August 2012, Defendants allegedly were engaged in efforts to raise a substantial fund (the "Fund")—purportedly as much as $500,000,000.00—to invest in family friendly films and other similar media properties.

14.     In connection with these larger capital raising activities, Defendants sought a $140,000.00 bridge loan to finance the cost of their legal counsel, Greenberg Traurig, LLP, and other business expenses.

15.     In furtherance of these efforts, Defendants advised a filmmaker named James De Vince that if he successfully raised the necessary bridge funds, Defendants would finance 96% of the budget of a film project Mr. De Vince then was developing, known as "Emily Sigh," and include the film in the fund's portfolio.

16.     At Defendants' encouragement, Mr. De Vince contacted Plaintiff Sean Bennett, a personal friend and business associate, and advised him of Defendants' urgent need for a bridge loan.

17.     Thereafter, utilizing their business arrangement with Mr. De Vince, and Mr. De Vince's personal friendship with Mr. Bennett, Mr. Maillard, along with his partners in Defendant Alliance, Pat Corbitt and David Lewittes, induced Plaintiffs—who are not

experienced, professional lenders—to enter into a lending relationship on short notice, and upon terms and conditions proposed by Defendants.

18.     In connection with their discussions, between August 24 and August 28, 2012, Messrs. Maillard, Lewittes and Corbitt each orally represented on various occasions to Plaintiffs Andrew McShea and Chris Bellamy that the Fund was a "done deal," and all that remained was for Greenberg Traurig to document the transaction.  Thus, Messrs. Maillard, Lewittes and Corbitt represented that the loan involved little or no risk to Plaintiffs.

### The Loan Agreement and Promissory Note

19.     Pursuant to a Loan Agreement and Promissory Note (the "Note"), each dated August 28, 2012, Plaintiffs agreed to lend Defendants the sum of $140,000.00 (the "Loan Amount").

20.     Pursuant to the Loan Agreement and Note, Defendants, as Borrower, agreed to pay Plaintiffs the sum of $200,000.00 within thirty days thereafter (the "Maturity Date").

21.     Under the Loan Agreement and Note, if Defendants failed to make payment on or before the Maturity Date, Defendants agreed pay the sum of $207,000 within 120 days thereafter (the "Extension Date").

22.     In addition, under the Loan Agreement and Note, Defendants agreed to make a payment of $7,000.00 for each thirty days that elapsed after the Maturity Date.

23.     Under the Loan Agreement and Note, Defendants agreed to pay all collection costs, court costs and legal fees incurred or paid by Plaintiffs in connection with collection or enforcement of the Note.

24.     Finally, Defendants agreed that any action under the Loan Agreement or

Note shall be governed by the laws of the State of New York, and that venue in any such action shall be in the Supreme Court of the State of New York, New York County.

**Defendants Default on the Loan Agreement and Note**

25.     On or about August 30, 2012, Plaintiffs paid the Loan Amount to Defendants by one or more wire transfers to an account in the name of Defendant Alliance at Comerica Bank, 1021 Glendon Ave., Los Angeles, CA  90024.

26.     Upon information and belief, Defendants applied at least $100,000.00 of the Loan Amount to fund a retainer for legal fees payable to the Greenberg Traurig firm in connection with the Fund, and subsequently benefitted from legal services provided by that firm.

27.     Despite repeated demands for payment, to date Defendants have not paid any amounts due to Plaintiffs under the Loan Agreement or Note.

28.     In numerous emails and telephone calls, Messrs. Maillard and Lewittes have stated that the Fund has yet to close, and remains contingent.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

29.     Plaintiffs repeat and re-allege all preceding paragraphs as if fully set forth herein.

30.     As set forth above, Defendants breached their plain obligations to Plaintiffs under the Loan Agreement and Note.

31.     As a consequence, Plaintiffs have suffered damages of no less than $256,000.00.

**SECOND CAUSE OF ACTION**
**(Fraudulent Inducement)**

32.     Plaintiffs repeat and re-allege all preceding paragraphs as if fully set forth

herein.

33.     To induce Plaintiffs into entering into the Loan Agreement and Note, Defendants orally represented through their agents Eugene Maillard, David Lewittes and Pat Corbitt that the underlying Fund agreement was a "done deal," and all that remained was for Greenberg Traurig to document the transaction.

34.     At the time they made these statements, Defendants knew that the Fund agreement in fact remained contingent, and was not in any sense a "done deal."

35.     Plaintiffs reasonably relied upon this material fact in connection with entering into the Loan Agreement and Note on short notice.

36.     As a consequence of such reliance, Plaintiffs have suffered damages of no less than $140,000.00, plus interest.  In addition, Plaintiffs are entitled to punitive damages.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment)

37.     Plaintiffs repeat and re-allege all preceding paragraphs as if fully set forth herein.

38.     Defendants have been unjustly enriched to the extent that they applied the Loan Amount to satisfy Defendants' legal and other business expenses.

39.     It would be against equity and good conscience if Defendants were permitted retain the Loan Amount provided to them by Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      For an award of all of Plaintiffs' damages;

B.      For an award of appropriate punitive damages;

C.      For an order awarding the costs of this action, including reasonable attorneys' fees; and

D.      For an order awarding such other and further relief as this Court may deem just and proper.


DATED:   New York, NY
         May 13, 2013


Respectfully submitted,

PRESS LAW FIRM PLLC


By:  /s/ Matthew J. Press
     Matthew J. Press
     The Chrysler Building
     405 Lexington Avenue, Seventh Floor
     New York, NY  10174
     Telephone:  (212) 922-1111
     Facsimile:  (347) 342-3882
     mpress@presslawfirm.com

     *Attorneys for Plaintiffs*

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiffs demand a trial by jury on all issues so triable.

DATED:   New York, NY
              May 13, 2013

             Respectfully submitted,

             PRESS LAW FIRM PLLC

        By:  /s/ Matthew J. Press
             Matthew J. Press
             The Chrysler Building
             405 Lexington Avenue, Seventh Floor
             New York, NY  10174
             Telephone:  (212) 922-1111
             Facsimile:   (347) 342-3882
             mpress@presslawfirm.com

             *Attorneys for Plaintiffs*